## Wilsey et ux. v. Walter

*John J. Sullivan*, for plaintiffs.
*Todd Daniel*, for defendant.

OLIVER, P. J., October 1, 1941.—The Pennsylvania Rules of Civil Procedure provide, in rule 2252(*a*), that "After the defendant in an action has filed an answer

in the manner and form required of a defendant in an action of assumpsit he may petition the court for leave to join as an additional defendant any person not a party to the action, or any party named therein who has not been validly served, who may be alone liable or liable over to him for the cause of action declared upon or jointly or severally liable therefor with him." On defendant's petition to bring in the City of Philadelphia as an additional defendant, plaintiffs contend that, although this is an action in trespass, defendant must file an affidavit of defense as complete as an affidavit required in an action of assumpsit. Defendant, on the other hand, asserts the sufficiency of an answer which is in compliance with section 13 of the Practice Act of May 14, 1915, P. L. 483, citing for authority Daly v. Yeadon Borough et al., 40 D. & C. 557 (1940).

The language of the rule, as interpreted by the accompanying note by the Procedural Rules Committee, and the authoritative though unofficial comments of members of that committee to Pa. R. C. P. 2252(a), substantiates plaintiffs' contention. The committee's note states:

"The above rule requires that a defendant answer fully the plaintiff's statement of claim before an additional defendant may be brought upon the record regardless of whether the original action be in assumpsit or trespass and regardless of whether the defendant is an executor, administrator, guardian, committee or other person acting in a representative capacity or is a county, city, borough, township, school district or other municipality. This requirement is an innovation and is justified by the consideration that *the additional party should not be required to plead in detail in an action at the wish of a defendant who has not himself stated fully upon the record his position in the action.*" (Italics supplied.)

The comment in Goodrich-Amram, Procedural Rules Service, section 2252(a)-3 is as follows:

". . . Rule 2252 creates a new process and surrounds it with specific requirements. If a defendant seeks to invoke the privilege of bringing into the action parties whom the plaintiff has not joined, the defendant must comply with these requirements, even though this necessitates the filing of a defense pleading which the defendant would otherwise not be required to file. The reason for this requirement is two-fold. First, the court cannot determine if the joinder will 'unreasonably prejudice' any party unless the issues are clarified through a full and specific answer to the plaintiff's claim. Secondly, the additional defendant should not be required to plead in detail in the action at the wish of a defendant who has not himself stated fully upon the record his position in the action."

In Daly v. Yeadon Borough et al., supra, the court conceded (p. 559) that the rule required *some* answer even in a trespass case, although this is not ordinarily required; but it held that such answer must be in accordance with the provisions of the Practice Act of May 14, 1915, P. L. 483, and, therefore, insofar as form is concerned, need comply only with such of the provisions of that act as relate to the form of an answer for *trespass* actions. In short, the court held that the new rules modified the Practice Act of 1915 only to the extent of requiring an answer where none would ordinarily be necessary, but not to the extent of providing a new form for that answer. But we cannot agree with that interpretation of the effect of the rule, for the rule requires not simply "an answer", but specifically an answer "in the manner and form required of a defendant in an action of assumpsit." If the intention had been to indicate only that some answer is required, it would have been unnecessary to add the phrase "in the manner and form required of a defendant in an action of assumpsit." Concerning this provision the note to Pa. R. C. P. 2252(*a*) states:

"The use of the phrase 'action of assumpsit' is necessary because no pleading rules have yet been promul-

4

gated by the Supreme Court and the pleadings in actions under these rules will, until such pleading rules are promulgated, be governed by the Practice Act of 1915, *except where these rules provide a different procedure.*" (Italics supplied.)

Therefore, this phrase is merely a shorthand symbol to indicate the type of answer which, under the present pleading rules, would most closely approximate the completeness and definiteness of reply that the rules committee deemed advisable to require of a defendant who seeks to take advantage of the privilege of joinder, regardless of the nature of the plaintiff's original action. Thus Judge Goodrich and Mr. Amram, both members of the rules committee, state in their annotations to the rules:

"Regardless of the nature of the action or of the character of the defendant he must file an answer as though the action were in assumpsit. The answer required is an answer to the facts—a pleading which specifically admits, denies or avoids the averments of the plaintiff's statement of claim. Under present practice, this would be an affidavit of defense complying with section 12 of the Practice Act. . . .

"In a trespass case, this rule results in a radical change from present practice. The defendant must file a specific denial of the averments of negligence and of damage": Sec. 2252(a)-3, pp. 16-17.

The fact that the Federal Rules of Civil Procedure allow joinder of additional defendants without the filing of any answer, and the fact that these rules were kept in mind by the Pennsylvania Rules Committee when Pa. R. C. P. 2252(a) was formulated, in our opinion does not mean, as the court in the Daly case suggested, that a *complete* answer is not required under rule 2252(a). In support of that suggestion, and as indicative of the rules committee's reliance upon the Federal rules, the court in Daly v. Yeadon Borough et al., supra, at p. 560, cited the note to rule 2252(a) which is to the effect that:

"In making the joinder of additional parties permissive, this rule follows Rule 14(a) of the Federal Rules of Civil Procedure, the English Practice and the general practice in other American jurisdictions having a similar procedural device." And further:

"In thus returning to practice prior to the amendment of 1937, this rule seeks to avoid the confusion which that amendment might produce and follows in general Rule 14(a) of the Federal Rules of Civil Procedure."

However, the first quotation from the committee's note merely indicates that, in making the joinder *permissive*, rule 2252(a) follows the Federal rules; while the second quotation reveals consideration of the Federal provisions with respect to the *grounds* upon which joinder may be had. Similarity between these two sets of rules in some of their provisions does not necessarily mean that they are to be considered as identical in all. Especially is this true when the specific terms of each are different. The Pennsylvania Rules Committee had before it the Federal rule permitting joinder of additional defendants *before* service of an answer by the original defendant. Nevertheless, the committee proceeded to draft a rule permitting joinder only *after* the defendant in the action has filed an answer. It thus clearly indicated an intention to formulate a different procedure. The committee went on to prescribe the *form* that this answer must assume. This provision should be complied with.

Rule 126 should not be employed promiscuously to permit noncompliance with the other rules of procedure. The first sentence of rule 126, calling for liberal construction of the other rules of procedure, does not in our opinion warrant interpreting rule 2252(a) as suggested by defendant; and if resort is had to the second part of rule 126, which states that "The court at every stage of any such action or proceeding [to which the rules of procedure apply] may disregard any

error or defect of procedure which does not affect the substantial rights of the parties", it must be admitted that defendant was in error in not answering plaintiffs' statement of claim more fully, and that defendant by filing an amended answer may readily correct that error.

### Order

And now, October 1, 1941, defendant's petition for leave to join the City of Philadelphia as an additional defendant is dismissed; but defendant is given leave to file an amended affidavit of defense, fully and specifically answering plaintiffs' statement of claim, within ten days from the date of this order and, upon defendant's so doing, leave is granted defendant to renew his application for joinder of the City of Philadelphia as an additional defendant.